IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2006 AUG 28  A 10: 35

| | |
|---|---|
| JOELSONGS, EXPERIENCE HENDRIX, L.L.C., RICHARD ADLER D/B/A LAKSHMI PUJA MUSIC LTD., JUDITH COULTER AND JANIE COULTER HARTBARGER D/B/A J & J ROSS CO., WARNER BROS., INC., EMI FULL KEEL MUSIC CO., VAN HALEN MUSIC COMPANY, CHAPPELL & CO., INC., JAY'S ENTERPRISES, INC., CONTROVERSY MUSIC, CREEPING DEATH MUSIC, DOORS MUSIC COMPANY, SIQUOMB PUBLISHING CORP., UNIVERSAL STUDIOS INC. (MCA MUSIC PUBLISHING DIVISION), INTEGRITY'S HOSANNA MUSIC, BONNYVIEW MUSIC CORP. AND SOUND III, INC.,<br><br>     Plaintiffs,<br><br>vs.<br><br>SHELLEY BROADCASTING COMPANY, INC., STAGE DOOR DEVELOPMENT, INC. AND H. JACK MIZELL,<br><br>     Defendants. | CIVIL ACTION NO.<br>1:06CV774 |

## COMPLAINT

Plaintiffs, complaining of the Defendants, by JAMES W. GEWIN, their attorney, allege:

1. This is a suit for copyright infringement under Title 17, U.S.C. Jurisdiction of this Court is based upon Title 28, U.S.C., Section 1338(a).

2. Plaintiffs allege twenty-one (21) causes of action for copyright infringement based on the Defendants' public performances of copyrighted musical compositions. SCHEDULE A annexed to the Complaint sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

3. Plaintiffs named in Column 2 (all references to columns are to columns in SCHEDULE A) are the owners of the copyrights in the works listed in Column 3, and are properly joined in this complaint under Rule 20, Fed. R. Civ. P.

4. Defendant Shelley Broadcasting Company, Inc. at all times pertinent, was and still is a corporation organized and existing under the laws in the State of Alabama, and is engaged in the business of operating a commercial radio station in Geneva, Alabama, known by the call letters WGEA, under license granted by the Federal Communications Commission.

5. Defendant Stage Door Development at all times pertinent, was and still is a corporation organized and existing under the laws in the State of Alabama, and is engaged in the business of operating a commercial radio station in Geneva, Alabama, known by the call letters WRJM-FM, under license granted by the Federal Communications Commission.

6. Defendant H. Jack Mizell is a citizen in the State of Alabama and a resident of this district and, at all times pertinent, was and still is the President and 100%

stockholder of Defendants Shelley Broadcasting Company, Inc. and Stage Door Development, Inc., with primary responsibility for the control, management, operation and maintenance of its affairs. The acts complained of were done under his direction and supervision and with his active approval and assistance, and he derives financial benefit therefrom.

7. Said broadcasting stations have been and are operated for commercial purposes.

8. In connection with the operation of said broadcasting stations and as part of the programs regularly broadcast therefrom, musical compositions were and are publicly performed.

9. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

10. The compositions named in causes of action 1 and 3 through 21 were published on the dates stated in Column 5, and since the dates of publication have been printed and published in strict conformity with Title 17, U.S.C.

11. The compositions named in cause of action 2, 14 and 18 were registered as unpublished compositions on the dates stated in Column 5.

12. The Plaintiffs, named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17, U.S.C., and secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

13. The compositions for which there are entries in Columns 7 and 8 are now in the renewal term of copyright, secured by due filing of an application for renewal of copyright in the office of the Register of Copyrights. The Register of Copyrights thereupon issued Certificates of Registration of the respective claims to the renewal of copyrights in the names of those claimants listed in Column 7. The dates and identification numbers of such certificates are set forth in Column 8.

14. Defendants on the dates specified in Column 9, and, upon information and belief, at other times prior and subsequent thereto, willfully infringed the copyright in each composition named in Column 3, causes of action 1 through 10, by giving public performances of the compositions as part of the programs broadcast by radio station WGEA, and Defendants threaten to continue such infringing performances.

15. Defendants on the dates specified in Column 9, and, upon information and belief, at other times prior and subsequent thereto, willfully infringed the copyright in each composition named in Column 3, causes of action 11 through 21, by giving public performances of the compositions as part of the programs broadcast by radio station WRJM-FM, and Defendants threaten to continue such infringing performances.

16. The performances of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 9 broadcast over Defendants' radio stations were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff or any agent, servant or employee or any Plaintiff to give such performances.

17. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights. Defendants' knowledge and intent are established by the following facts:

(a) For periods prior to January 14, 1991, Defendants Shelley Broadcasting Company, Inc. and H. Jack Mizell held license agreements from the American Society of Composers, Authors and Publishers (ASCAP), the performing rights licensing organization of which all Plaintiffs are members. Those license agreements authorized public performance of any or all of the hundreds of thousands of copyrighted musical compositions in the ASCAP repertory by broadcast over radio stations WGEA and WRJM-FM. In return for their licenses, Defendants Shelley Broadcasting Company, Inc. and H. Jack Mizell agreed to pay license fees to ASCAP.

(b) Defendants Shelley Broadcasting Company, Inc. and H. Jack Mizell, however, failed to pay license fees to ASCAP on a timely basis as required by their license agreements. On December 31, 1990, the ASCAP licenses of Defendants Shelley Broadcasting Company, Inc. and H. Jack Mizell expired by their own terms, with license fees owing. Defendants Shelley Broadcasting Company, Inc. and H. Jack Mizell did not execute new licenses nor did they sign extension agreements. On January 14, 1991, ASCAP informed Defendants Shelley Broadcasting Company, Inc. and H. Jack Mizell that they were no longer licensed by ASCAP.

(c) Even after Defendants Shelley Broadcasting Company, Inc. and H. Jack Mizell were no longer licensed, they continued to perform copyrighted music without permission by broadcast over radio station WGEA. On two previous occasions, in 1993 and

2004, evidence of Defendants' infringing performances was obtained and ASCAP members prepared copyright infringement actions against Defendants which were virtually identical to the current action. The first action, Bencap, Inc., et al. v. Shelley Broadcasting Company, Inc. and H. Jack Mizell, Civil Action No. CV-93-A-696-S (filed June 7, 1993) resulted in a Consent Judgment which was satisfied when Defendants Shelley Broadcasting Company, Inc. and H. Jack Mizell paid a settlement of $10,000 and agreed to execute ASCAP licenses for radio stations WGEA and WJRM-FM. Shelley Broadcasting Company, Inc. and H. Jack Mizell executed licenses for WGEA for the period January 1, 1994 through December 31, 1995 and then again, for the period commencing January 1, 1996. Defendant Stage Door Development, Inc. (a successor corporation to Shelley Broadcasting Company, Inc.) and Jack Mizell executed a license for WRJM-FM. for the period January 1, 1994 through December 31, 1995 and then again for the period commencing January 1, 1996. Again, however, Defendants stopped paying license fees, and for a second time, ASCAP duly terminated their licenses, for default, on November 23, 1998. On July 12, 1999, ASCAP reinstated the licenses when Defendants agreed to pay a settlement amount and sign new licenses. Again, when Defendants stopped paying license fees, ASCAP terminated their licenses on August 8, 2003.

    (d) The second action, Simpleville Music, et al., v. Shelley Broadcasting Company, Inc. Stage Door Development, Inc. and H. Jack Mizell, Civil Action No. 1:04cv393-T (WO), (filed April 23, 2004), resulted in default judgment against Defendants Shelley Broadcasting Company, Inc. and Stage Door Development, Inc., entered

October 21, 2004, ordering them to pay the sum of $48,000 plus costs and interest. Those Defendants have not satisfied the judgment and the action is pending against H. Jack Mizell.

(e) Despite the prior claims mentioned above, and the numerous letters and contacts by ASCAP representatives informing the Defendants of their liability under the United States Copyright Law, Defendants have continued to perform copyrighted music without permission during the hours that Defendants' radio stations are on the air.

18. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

19. The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I. That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions or any of them and from causing or permitting the said compositions to be publicly performed by said stations, or in any place owned, controlled or conducted by Defendants and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(2), namely, not more than One Hundred Fifty Thousand Dollars ($150,000) nor less than Seven Hundred Fifty Dollars ($750) in each cause of action herein.

III. That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV. For such other and further relief as may be just and equitable.

_____
James W. Gewin (ASB-2568-L72J)
Dylan C. Black (ASB-6595-K72D)

OF COUNSEL:
Bradley Arant Rose & White LLP
1819 Fifth Avenue North
Birmingham, AL 35203-2104
205/521-8000; Facsimile 205/521-8800

Attorneys for Plaintiffs


SERVE DEFENDANTS VIA CERTIFIED MAIL AT:

Shelley Broadcasting Company, Inc.
285 East Broad Street
Ozark, AL  36360

Stage Door Development, Inc.
285 East Broad Street
Ozark, AL  36360

H. Jack Mizell'
285 East Broad Street
Ozark, AL  36360

8

| Columns 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Cause of Action | Plaintiff | Musical Composition | Writers | Date of Publication | Certificate of Registration Number | Renewal | Renewal Certificate Date and Number | Date of Known Infringement |
| 1. | JOELSONGS | WE DIDN'T START THE FIRE | BILLY JOEL | 10/1/89 | PA 458-308 | | | 2/25/06 |
| 2. | EXPERIENCE HENDRIX, L.L.C. | LITTLE WING | JIMI HENDRIX | REGISTERED AS UNPUBLISHED 1/9/68  EU 31441 | | JAMES A. HENDRIX, AS "THE NEXT OF KIN OF THE DECEASED AUTHOR, JIMI HENDRIX, THERE BEING NO WILL". | 9/17/96 RE 735-894 | 2/25/06 |
| 3. | RICHARD ADLER D/B/A LAKSHMI PUJA MUSIC LTD. AND JUDITH COULTER AND JANIE COULTER HARTBARGER D/B/A J & J ROSS CO. | HEY THERE | RICHARD ADLER JERRY ROSS | 4/20/54 | EP 80012 | RICHARD ADLER, AS "CO-AUTHOR AND CO-COMPOSER"; JUDITH COULTER, AS "THE WIDOW OF CO-AUTHOR AND CO-COMPOSER JERRY ROSS"; JANIE COULTER HARTBARGER, AS "THE CHILD OF THE DECEASED CO-AUTHOR AND CO-COMPOSER JERRY ROSS". | 2/1/82 RE 120-308 | 2/27/06 |
| 4. | WARNER BROS., INC. | BEGIN THE BEGUINE | COLE PORTER | 10/16/35 | EP 50931 | COLE PORTER, AS "AUTHOR OF WORDS AND MUSIC". | 10/15/62 R 303090 | 2/27/06 |

**SCHEDULE A**

| Columns 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Cause of Action | Plaintiff | Musical Composition | Writers | Date of Publication | Certificate of Registration Number | Renewal | Renewal Certificate Date and Number | Date of Known Infringement |
| 5. | EMI FULL KEEL MUSIC CO. | PINK HOUSES | JOHN COUGAR MELLENCAMP | 10/13/83 | PA 206-122 | | | 2/27/06 |
| 6. | VAN HALEN MUSIC COMPANY | PANAMA | EDWARD VAN HALEN ALEX VAN HALEN MICHAEL ANTHONY DAVID LEE ROTH (A/K/A/ VAN HALEN) | 1/9/84 | PA 215-901 | | | 2/27/06 |
| 7. | CHAPPELL & CO., INC. AND JAY'S ENTERPRISES, INC. | THIS WILL BE (AN EVERLASTING LOVE) | MARVIN YANCY CHUCK JACKSON | 1/23/79 | PA 35-849 | | | 2/27/06 |
| 8. | CONTROVERSY MUSIC | ANOTHERLOVERHOLEN-YOHEAD | PRINCE NELSON (A/K/A PRINCE) | 3/31/86 | PA 291-374 | | | 2/27/06 |
| 9. | CONTROVERSY MUSIC | RASPBERRY BERET | PRINCE NELSON (A/K/A PRINCE) | CONTAINED IN ALBUM "AROUND THE WORLD IN A DAY" 4/22/85 | PA 255-668 | | | 2/27/06 |
| 10. | CHAPPELL & CO., INC. | FAITH | GEORGE MICHAEL (A/K/A GEORGE PANAYIOTOU) | 10/26/87 | PA 359-271 | | | 2/27/06 |
| 11. | CREEPING DEATH MUSIC | MASTER OF PUPPETS | JAMES HETFIELD LARS ULRICH KIRK HAMMETT CLIFF BURTON | 2/24/86 | PA 290-087 | | | 2/24/06 |

**SCHEDULE A**

| Columns 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Cause of Action | Plaintiff | Musical Composition | Writers | Date of Publication | Certificate of Registration Number | Renewal | Renewal Certificate Date and Number | Date of Known Infringement |
| 12. | CONTROVERSY MUSIC | LITTLE RED CORVETTE | PRINCE NELSON (A/K/A PRINCE) | 10/27/82 | PA 157-923 | | | 2/24/06 |
| 13. | DOORS MUSIC COMPANY | LIGHT MY FIRE | ROBERT KRIEGER JAMES MORRISON JOHN DENSMORE RAYMOND MANZAREK | 7/5/67 | EP 237314 | ROBERT KRIEGER AS "AUTHOR" | 12/20/95 RE 713-592 | 2/24/06 |
| 14. | SIQUOMB PUBLISHING CORP. | BIG YELLOW TAXI | JONI MITCHELL | 5/5/70 REGISTERED AS UNPUBLISHED 1/7/70 | EP 296-797  EU 155-770 | JONI MITCHELL AS "AUTHOR" JONI MITCHELL AS "AUTHOR" | 1/20/98 RE 780-800 1/20/98 RE 781-417 | 2/25/06 |
| 15. | VAN HALEN MUSIC | JUMP | EDWARD VAN HALEN ALEX VAN HALEN MICHAEL ANTHONY DAVID LEE ROTH | 1/9/84 | PA 215-907 | | | 2/26/06 |
| 16. | UNIVERSAL STUDIOS INC. (MCA MUSIC PUBLISHING DIVISION) | RIKKI, DON'T LOSE THAT NUMBER | WALTER BECKER DONALD FAGEN | 5/14/74 | EP 325108 | AMERICAN BROADCASTING MUSIC, INC., EMPLOYER FOR HIRE OF WALTER BECKER AND DONALD FAGEN "PROPRIETOR OF COPYRIGHT IN A WORK MADE FOR HIRE" | 12/31/01 RE 851-845 | 2/26/06 |

**SCHEDULE A**

| Columns 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Cause of Action | Plaintiff | Musical Composition | Writers | Date of Publication | Certificate of Registration Number | Renewal | Renewal Certificate Date and Number | Date of Known Infringement |
| 17. | INTEGRITY'S HOSANNA MUSIC | GOD WILL MAKE A WAY | DON MOEN | 10/24/90 | PA 584-517 | | | 2/26/06 |
| 18. | BONNYVIEW MUSIC CORP. | SINCE I DON'T HAVE YOU | JAMES BEAUMONT JANET VOGEL JOSEPH VERSCHAREN WALTER LESTER JOHN TAYLOR JOSEPH ROCK LENNIE MARTIN | 4/21/59 REGISTERED AS UNPUBLISHED 1/21/59 | EP 129897 EU 560193 | JAMES BEAUMONT, JOSEPH ROCK, JOSEPH VERSCHAREN, WALTER LESTER AND JOHN TAYLOR, AS "AUTHORS"; TERRANCE RAPP, GAVIN RAPP, MARLO RAPP AND KIP RAPP, AS "THE WIDOWER AND CHILDREN OF THE DECEASED AUTHOR, JANET VOGEL'; MARY J. MARINO AND ROBERT MARINO, AS "THE WIDOW AND CHILD OF THE DECEASED AUTHOR, LENNIE MARTIN (A/K/A RINALDO R. MARINO)". | 3/30/87 RE 333-952 | 2/26/06 |
| 19. | SOUND III, INC. | WE HAVE COME INTO HIS HOUSE (TO WORSHIP HIM) | BRUCE T. BALLINGER | 8/20/76 | EFO 184175 | | | 2/26/06 |
| 20. | EMI FULL KEEL MUSIC CO. | SMALL TOWN | JOHN COUGAR MELLENCAMP | 8/19/85 | PA 266-614 | | | 2/26/06 |

**SCHEDULE A**

| Columns 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Cause of Action | Plaintiff | Musical Composition | Writers | Date of Publication | Certificate of Registration Number | Renewal | Renewal Certificate Date and Number | Date of Known Infringement |
| 21. | CONTROVERSY MUSIC | 1999 | PRINCE NELSON (A/K/A PRINCE) | 9/15/82 | PA 157-921 | | | 2/26/06 |

**SCHEDULE A**