**UNITED STATES DISTRICT COURT**

MIDDLE DISTRICT OF ALABAMA

OFFICE OF THE CLERK

POST OFFICE BOX 711

MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

ELEPHONE (334) 954-3600

October 18, 2006

# NOTICE OF CORRECTION

FROM:   Clerk's Office

Case Style:   Joelsongs et al v. Shelley Broadcassting Co, Inc. et al

Case No.:   1:06cv774-MHT
              Document 8 Answer to Complaint

This Notice of Correction was filed in the referenced case this date to enter the corrected pdf for the above-reference document. The original e-filed document was not signed or dated.

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOEL SONGS, EXPERIENCE HENDRIX, L.L.C., ET AL., | ) ) ) |
| PLAINTIFF, | ) ) |
| VS. | ) CASE NO.: 1:06-CV-774 ) |
| SHELLEY BROADCASTING COMPANY, INC., STAGE DOOR DEVELOPMENT, INC. AND JACK MIZELL. | ) ) ) ) |
| DEFENDANTS. | ) |

## ANSWER TO COMPLAINT

COMES NOW, Defendants, Shelley Broadcasting Company Inc., Stage Door Development, Inc. and Jack Mizell and for Answer to the Complaint filed by the Plaintiffs, and to each and every paragraph thereof, shows unto the Court as follows:

**1. Defendant denies each and every material allegation contained in the Complaint filed by the Plaintiff and demands strict proof thereof.**

## SPECIAL DEFENSES

COMES NOW the defendant and asserts the following Special Defenses in this cause as follows:

### FIRST DEFENSE
Defendant denies each and every material allegation of Plaintiff's Complaint and demands strict proof thereof.

### SECOND DEFENSE
Defendant pleads the general issue.

### THIRD DEFENSE
Defendant pleads this Court lacks jurisdiction of the matter.

### FOURTH DEFENSE
Defendant pleads this Court lacks in personam jurisdiction.

### FIFTH DEFENSE
Defendant pleads this Court lacks in personam jurisdiction.

### SIXTH DEFENSE
Defendant pleads venue is improper.

Document Produced by deskPDF Unregistered :: http://www.docudesk.com

### SEVENTH DEFENSE
Defendant pleads insufficiency of process.

### EIGHTH DEFENSE
Defendant pleads service of process was insufficient.

### NINTH DEFENSE
Defendant contends that Plaintiff's Complaint has failed to state a claim upon which relief can be granted.

### TENTH DEFENSE
Defendant denies that he is indebted to Plaintiffs as alleged in their Complaint.

### ELEVENTH DEFENSE
Defendant denies that he has been guilty of any conduct which entitles Plaintiff to recover punitive damages.

### TWELFTH DEFENSE
This Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the Constitutional safeguards provided to it under the Constitution of the United States of America.

### THIRTEENTH DEFENSE
This Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to it under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States of America in that punitive damages are vague and are not rationally related to legitimate government issues.

### FOURTEENTH DEFENSE
This Defendant avers that any award of punitive damages to Plaintiffs in this case will be violative of Article 1, Section 6, of the Constitution of the United States of America which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

### FIFTEENTH DEFENSE
This Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the procedural safeguards provided to Defendant under the Sixth Amendment to the Constitution of the United States of America in that punitive damages are penal in nature and consequently, Defendant is entitled to the same procedural safeguards accorded to criminal defendants.

### SIXTEENTH DEFENSE
It is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against this Defendant punitive damages, which are penal in nature, yet compels Defendant to disclose potentially incriminating documents and evidence.

### SEVENTEENTH DEFENSE

Document Produced by deskPDF Unregistered :: http://www.docudesk.com

This Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the Eighth Amendment to the Constitution of the United States of America in that said damages would be excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### EIGHTEENTH DEFENSE

Said Defendant hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and thus reserves the right to amend its answer to assert such defenses.

### NINETEENTH DEFENSE

Defendant pleads Plaintiffs have failed to join a party pursuant to Rule 19, *Alabama Rules of Civil Procedure.*

### TWENTIETH DEFENSE

This Defendant avers that any award of punitive damages to Plaintiffs in this case will be violative of the constitutional safeguards provided to it under the Constitution of the State of Alabama.

### TWENTY-FIRST DEFENSE

It is violative of the self-incrimination clause of Article 1, Section 6, of the Constitution of the State of Alabama to impose against this Defendant punitive damages, which are penal in nature, yet compels Defendant to disclose potentially incriminating documents and evidence.

### TWENTY-SECOND DEFENSE

It is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against this Defendant which are penal in nature by requiring a burden of proof on Plaintiffs which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

### TWENTY-THIRD DEFENSE

It is discriminatory, a deprivation of due process and a violation of the equal protection rights guaranteed by the Fourteenth Amendment to the Constitution of the United States of America and Article 1, Sections 1, 6, and 22 of the Constitution of the State of Alabama to impose punitive damages for the violation of the covenant of good faith and fair dealing only in contracts between insurers and insureds and not in all contracts in Alabama, since the same covenants of good faith and fair dealing exist not only in insurance contracts but also in all contracts in the State of Alabama.

/s/ Steve McGowan
STEVE MCGOWAN (MCG071)
Attorney for Defendants
P.O. Box 2101
Dothan, Alabama 36301
(334) 678-8200

### CERTIFICATE OF SERVICE

Document Produced by deskPDF Unregistered :: http://www.docudesk.com

      I hereby certify that a true and exact copy of the above and foregoing was served upon the below named counsel of record by placing the same in the United States Mail, properly addressed and postage prepaid, this the 18th day of October, 2006.

Dylan C. Black
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203

                                              /s/ Steve McGowan
                                              OF COUNSEL

Document Produced by deskPDF Unregistered :: http://www.docudesk.com