IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOEL SONGS, EXPERIENCE HENDRIX, L.L.C., ET AL., | ) <br> ) <br> ) |
| PLAINTIFF, | ) <br> ) |
| VS. | ) CASE NO.: 1:06-CV-774 <br> ) |
| SHELLEY BROADCASTING COMPANY, INC., STAGE DOOR DEVELOPMENT, INC. AND JACK MIZELL. | ) <br> ) <br> ) <br> ) |
| DEFENDANTS. | ) |

**RESPONSE TO MOTION FOR SUMMARY JUDGMENT**

COMES NOW the defendants in the above styled cause by and through their undersigned counsel and in response to plaintiff's motion for summary judgment shows unto the Court as follows:

**STANDARD FOR SUMMARY JUDGMENT**

Federal Rule of Civil Procedure 56 provides that summary judgment may be granted only if the pleadings, supporting papers, affidavits, and admissions on file, when viewed with all inferences in favor of the nonmoving party, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. See also *Todaro v. Bowman,* 872 F. 2d 43, 46 (3d Cir. 1989); *Chipollini v. Spencer Gifts, Inc.,* 814 F. 2d 893, 896 (3d Cir. 1987), cert. Dism'd, 483 U.S. 1052 (1987). Put differently, "summary judgment may be granted if the movant shows that there exists no genuine issues of material fact that would permit a reasonable jury to find for the nonmoving

Document Produced by deskPDF Unregistered :: http://www.docudesk.com

party." *Miller v. Indiana Hospital,* 843 F. 2d 139, 143 (3d Cir.), cert. Denied, 488 U.S. 870, 102 L. Ed. 2d 147, 109 S. Ct. 178 (1988). An issue is "genuine" if a reasonable jury could possibly hold in the nonmovant's favor with regard to that issue. See *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). A fact is material if it influences the outcome under the governing law. Id. At 248. Within the framework set out above, the moving party essentially bears two burdens: first, there is the burden of production, of making a prima facie showing that it is entitled to summary judgment. This may be done either by demonstrating there is no genuine issue of fact and that as a matter of law, the moving party must prevail or by demonstrating the nonmoving party has not shown facts relating to an essential element of the issue for which it bears the burden. Once either showing is made, this burden shifts to the nonmoving party who must demonstrate facts supporting each element for which it bears the burden as well as establish the existence genuine issues of material fact. Second, there is the burden of persuasion. This burden is a stringent one which always remains with the moving party. If there remains any doubt as to whether a trial is necessary, summary judgment should not be granted. See Celotex Corp. v. Catrett, 477 U.S. 317, 330-33, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157-61, 26 L. Ed. 2d 142, 90 S. Ct. 1598 (1970); Advisory Committee's Notes on Fed. Rules of Civ. Pro. 56 (e), 1963 Amendment; see generally C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure 2727 (2d ed. 1983).

**STATEMENT OF FACTS**

Stage Door Development, Inc. and Shelley Broadcasting Company, Inc., own the Federal

Document Produced by deskPDF Unregistered :: http://www.docudesk.com

Communication Commission License for WRJM and WGEA Geneva, Alabama respectively. The licenses are owned in the corporate names and both are renewed every 7 years. The licensees hold the dial position basically as a public trustee. Both stations program the News/Talk format which relies on little or no music. WGEA programs to a very small audience in Geneva, Alabama and WRJM programs the talk format for all of Southeast Alabama.

### **DISCUSSION**

One constant throughout the past several years is that Stage Door Development, Inc. and Shelley Broadcasting Company, Inc., have denied that there was any willful infringement of copy written materials by either radio station. There is absolutely no way defendants would wilfully infringe on copywritten material having endured two unsuccessful lawsuits. Additionally, the tape recordings were made February 24-27, 2006, well before the outcome of the Simpleville Music Case. The fact that the tapes were made well in advance of the resolution of the previous case shows the intent of the Plaintiffs and in effect their "Pilingon." All the Court has in front of it is the allegation that Stage Door Development, Inc. and Shelley Broadcasting Company, Inc., publically performed bits and pieces of 20 songs (dropping one song because it was inaudible) over a period of several days. There has been a voluminous submission of tape recordings as alleged by Plaintiff which are specious at best. Some of the recordings propose alleged copy written songs, some are bits and pieces, but all are included in satellite programming. There is absolutely no way Mr. Mizell or any staff could be prescient enough to realize a copyrighted song was forthcoming making the action wilful. Furthermore, the satellite companies (as the past pleadings reflected) have assured Mr.

Mizell that no copyrighted material would be played.

## CO-DEFENDANT MIZELL SHOULD NOT BE PERSONALLY LIABLE

Individual defendant, Jack Mizell, is 100% owner of Shelley Broadcasting and Stage Door Development. Both are legal entities registered in the State of Alabama. At no time have Plaintiff's shown to the Court that Mizell has performed duties other than those required within the corporate structure and no proof has been given that Mizell profited from the alleged infringement. Mizell should not be held personally liable and should be dismissed from lawsuit.

## WILLFUL INTENT

Mizell again contends that at no time did he or his staff intend to play copyrighted material.

He testified earlier that steps were taken to ensure that this did not take place. Even though the "intention to infringe is not essential under the Copyright Act" Buck v. Jewell-LaSalle Realty Co., 283 U.S. 191, 198, 51 S. Ct. 410, 75 L. Ed. 971 (1931) the issue of willful intent may effect the amount of damages available to plaintiff. Universal City Studios, Inc. v. Sony Corp. of Americal 659.

## CONCLUSION

Wherefore, premises considered, defendants respectfully request that plaintiff's Motion for Summary Judgment be denied as there is a genuine issue to all material facts.

Document Produced by deskPDF Unregistered :: http://www.docudesk.com

                          /s/ Steve McGowan
                          Attorney for Defendant
                          P.O. Box 2101
                          Dothan, Alabama 36302

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been sent via U.S. Mail, to Dylan C. Black, Esq., Brad S. Burleson, Esq., James W. Gewin, Esq., 1 Federal Place, 1819 5th Avenue North, Birmingham, Alabama 35203-2104 this the 28th day of February 2007.

                          /s/ Steve McGowan
                          Of Counsel

Document Produced by deskPDF Unregistered :: http://www.docudesk.com