IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOELSONGS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 1:06CV774-MHT |
| SHELLEY BROADCASTING COMPANY, | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE REPLY BRIEF**

Plaintiffs Joelsongs et al. hereby move for leave to file a reply brief in support of their pending motion for summary judgment. In support of this motion, plaintiffs state as follows.

1.  Defendants' response to plaintiffs' summary judgment motion raises a couple of points to which plaintiffs wish to respond briefly. Although plaintiffs submit that nothing in defendants' response should affect the ultimate result in this matter – that summary judgment should be entered in plaintiffs' favor - plaintiffs believe their reply will clarify the parties' positions.

2.  Accordingly, plaintiffs move for leave to file the reply brief attached to this motion for leave as Exhibit 1.

3.  Plaintiffs respectfully submit that the filing of this reply brief will not prejudice any party and need not affect any of the Court's other deadlines governing this matter.

1

Dated: March 2, 2007

                                              Respectfully submitted,

                                              s/ Dylan C. Black
                                              Dylan C. Black (ASB-6595-K72D)
                                              Bradley Arant Rose & White LLP
                                              1819 Fifth Avenue North
                                              Birmingham, AL 35203-2119
                                              (205) 521-8000; Facsimile: (205) 521-8800
                                              E-mail: dblack@bradleyarant.com
                                              One of the Attorneys for Plaintiffs

OF COUNSEL:
James W. Gewin
BRADLEY ARANT ROSE & WHITE LLP
1819 Fifth Avenue North
Birmingham, AL 35203-2104
(205) 521-8000; Facsimile (205) 521-8800

CERTIFICATE OF SERVICE

       I hereby certify that on March 2, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

       Steve McGowan
       P.O. Box 2101
       Dothan, Alabama 36302

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

       None

       s/ Dylan C. Black
       Dylan C. Black (ASB-6595-K72D)
       Bradley Arant Rose & White LLP
       One Federal Place
       1819 Fifth Avenue North
       Birmingham, AL 35203-2119
       (205) 521-8000; Facsimile: (205) 521-8800
       E-mail: dblack@bradleyarant.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOELSONGS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 1:06CV774-MHT |
| SHELLEY BROADCASTING COMPANY, ) | |
| INC., et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT
OF THEIR MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Joelsongs, et al., submit this Reply to the Response to Motion for Summary Judgment (Doc. 19) filed by Defendants.

Defendants have presented <u>no</u> evidence creating any genuine issue of fact in response to the well-documented proof Plaintiffs have submitted with their summary judgment motion regarding their copyright ownership of the songs in suit, the performance of the songs in suit and defendants' lack of any permission to perform plaintiffs' copyrighted songs. Contrary to Defendants' suggestion that "all the Court has in front of it is the allegation" of infringement, Plaintiffs have submitted factual proof of each element of their copyright infringement claims, and that proof has gone undisputed.

Having no factual or legal arguments to support their position, Defendants resort to accusing Plaintiffs of "piling on" by filing this suit. Of course, Plaintiffs filed this suit because the Copyright Act gives them the right to sue when their copyrighted musical compositions are broadcast over defendants' radio stations without permission. Moreover, most of the Plaintiffs in this case were not named parties to the earlier *Simpleville Music* case, and none of the songs at issue in this case was at

issue in the earlier case. Far from illustrating an intent on Plaintiffs' part to "pile on," the copyright infringement claims in this case demonstrate that Defendants simply refuse to take any steps to curtail the infringing performances occurring daily over their radio stations. Nor have defendants made any attempt to pay the $74,251.24 judgment entered against them in the *Simpleville Music* case.

The only two legal arguments raised by Defendants – that Mizell should not be held personally liable for the infringing performances aired by his radio stations and that defendants lacked willful intent to infringe – were addressed and rejected by this Court in the *Simpleville Music* case. Simply put, Mizell cannot escape personal liability by hiding behind the shell of his corporate entities, and the law imposes on defendants liability for the unauthorized performances of copyrighted music aired over their radio stations. *See generally* Plaintiffs' Memorandum in Support of Summary Judgment, pp. 10-11. The Court recognized these principles in *Simpleville Music*, 451 F. Supp. 2d 1293, 1299 (M.D. Ala. 2006):

> Mizell denies liability on the ground that he did not personally participate in the infringement. However, as the president, owner, and sole stockholder of the companies that own WGEA and WRJM-FM, he is liable for any infringement occurring at the stations. A person "including a corporate officer, who has the ability to supervise infringing activity and has a financial interest in that activity, or who personally participates in that activity is personally liable for the infringement." *Southern Bell Tel. & Tel. Co. v. Associated Tel. Directory Publishers,* 756 F.2d 801, 811 (11th Cir.1985) (citation omitted); *see also Chi-Boy Music v. Towne Tavern, Inc.,* 779 F.Supp. 527, 530 (N.D.Ala.1991) (Hancock, J.). Similarly, "under the Copyright Act, an individual who is the dominant influence in a corporation, and through his position can control the acts of that corporation, may be held jointly and severally liable with the corporate entity for copyright infringements, even in the absence of the individual's actual knowledge of the infringements." *Quartet Music v. Kissimmee Broadcasting, Inc.,* 795 F.Supp. 1100, 1103 (M.D.Fl.1992) (Kellam, J.). The record is clear that Mizell fits the bill of being the supervising, dominant figure at the two radio stations.
>
> Mizell's no-personal-participation defense is meritless.

Defendants also attempt to diminish their liability by claiming that they lacked willful intent to infringe. In support of this argument, defendants point out that the infringing performances were part of satellite broadcasts over which they had no control and that some of the infringing songs were not played in their entirety. Again, the Court has already explicitly rejected these defenses in the *Simpleville Music* case:

> Admittedly, five of the songs in this case were broadcast during syndicated radio shows, while one song was broadcast as part of a national television commercial. Nevertheless, "a broadcaster who is aware of his obligations under copyright law remains responsible for ensuring that copyrighted music is not aired without permission." *Jobete Music Co., Inc. v. Johnson Communications, Inc.,* 285 F.Supp.2d 1077, 1089 (S.D.Ohio 2003) (Rice, C.J.) (where defendant was liable for copyright infringement for airing an NBC commercial that played "This Will Be (An Everlasting Love)" in the background without permission). Although Mizell did not produce the commercial or the radio shows himself, he was still responsible for ensuring that all of the licensing fees were paid. Consequently, Mizell's no-intent defense is meritless.

*Simpleville Music*, 451 F. Supp. 2d at 1299.

The record in this case is equally clear: the defenses raised in Defendants' Response are meritless. Defendants appear to want plaintiffs to engage in a never-ending game of "gotcha," forcing plaintiffs to continually provide further proof of defendants' infringing behavior. As a practical matter, the plaintiffs cannot record every instance of defendants' infringing conduct; the cost of obtaining such evidence would be too high. That is one reason why courts in "ASCAP" cases generally award statutory damages equal to two to three times the license fee defendants would have paid if they had been properly licensed -- no specific proof of infringing performances other than performances of the songs in suit is required. *See* Plaintiffs Memorandum in Support of Summary Judgment, pp. 16-18. Here defendants have already been sued three times and still refuse to obey the Copyright Law. The result has been an expensive burden to plaintiffs and an inordinate expenditure of the Court's valuable time.

For the reasons stated above and in Plaintiffs' moving papers, Plaintiffs are entitled to entry of summary judgment and an award of injunctive relief, statutory damages, and costs including a reasonable attorneys' fee, as set forth more particularly in their initial motion.

Dated: March 2, 2007

                                                  Respectfully submitted,

                                                  s/ Dylan C. Black
                                                  Dylan C. Black (ASB-6595-K72D)

OF COUNSEL:
James W. Gewin
BRADLEY ARANT ROSE & WHITE LLP
1819 Fifth Avenue North
Birmingham, AL 35203-2199
(205) 521-8000; Facsimile: (205) 521-8800

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Steve McGowan
    P.O. Box 2101
    Dothan, Alabama 36302

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

    None

    Respectfully submitted,

    s/ Dylan C. Black
    Dylan C. Black (ASB-6595-K72D)
    Bradley Arant Rose & White LLP
    1819 Fifth Avenue North
    Birmingham, AL 35203-2104
    (205) 521-8000; Facsimile (205) 521-8800
    E-mail: dblack@bradleyarant.com