IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOELSONGS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 1:06CV774-MHT |
| ) | |
| SHELLEY BROADCASTING ) | |
| COMPANY, INC., et al., ) | |
| | |
| Defendants. | |

## ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on May 11, 2007, wherein the following proceedings were held and actions taken:

1. **COUNSEL APPEARING AT PRETRIAL HEARING**:

    Dylan Black of Bradley Arant Rose & White LLP appearing for all plaintiffs. Stephen McGowan appearing for defendants Shelley Broadcasting Company, Inc., Stage Door Development, Inc., and H. Jack Mizell.

2. **JURISDICTION AND VENUE**:   This case is brought under 17 U.S.C. § 501 *et seq.*, and therefore jurisdiction is proper under 28 U.S.C. § 1338(a). Venue is proper in this court because defendants reside, or have their principal place of business, in this district and because a substantial part of the events giving rise to plaintiffs' claims occurred within this district and division. *See* 28 U.S.C. § 1391(b).

3. **PLEADINGS**: The following pleadings and amendments were allowed: complaint, answer to plaintiffs' complaint. Plaintiffs have a pending motion for summary judgment.

4. **CONTENTIONS OF THE PARTIES**:

    a. **The plaintiffs**

    1.   Plaintiffs are members of the American Society of Composers, Authors and Publishers ("ASCAP"), to which they have granted a non-exclusive right to license non-

dramatic public performances of their copyrighted musical compositions.

2.      Plaintiffs, having complied in all respects with Title 17, U.S.C., own the copyrights in the following musical compositions, as listed and set forth in Schedule A to the complaint in this case: "WE DIDN'T START THE FIRE," "LITTLE WING," "HEY THERE," "BEGIN THE BEGUINE," "PINK HOUSES," "PANAMA," "THIS WILL BE (AN EVERLASTING LOVE)," "RASPBERRY BERET," "FAITH," "MASTER OF PUPPETS," "LITTLE RED CORVETTE," "LIGHT MY FIRE," "BIG YELLOW TAXI," "JUMP," "RIKKI, DON'T LOSE THAT NUMBER," "GOD WILL MAKE A WAY," "SINCE I DON'T HAVE YOU," "WE HAVE COME INTO HIS HOUSE (TO WORSHIP HIM)," "SMALL TOWN" and "1999."

3.      The infringing performances on which this case is based occurred by broadcast over radio station WGEA, licensed by the Federal Communications Commission to operate in Geneva, Alabama, on February 25 and 27, 2006; and by broadcast over WRJM-FM, also licensed by the Federal Communications Commission to operate in Geneva, Alabama, on February 24, 25 and 26, 2006, all dates on which defendants owned, operated and controlled both radio stations.

4.      Because of defendants' ownership, operation, and control over the stations, they are jointly and severally responsible for any infringing performances during the broadcasts of both stations.

5.      Since August 8, 2003, when ASCAP terminated the licenses previously in effect for radio stations WGEA and WRJM-FM for breach and default, the two radio stations have not been authorized to perform copyrighted musical compositions in the

ASCAP repertory.

6.      The stations were not licensed by ASCAP on February 24-27, 2006.

7.      Despite repeated communications from ASCAP representatives informing defendants of their risk of liability under the United States Copyright Law, the two stations, under the ownership, operation and control of the defendants, continued to perform copyrighted music without permission during the hours that the two radio stations were on the air and broadcasting musical entertainment as part of their daily programming.  Musical compositions are routinely performed for the public as part of the programming of both stations.

8.      Defendants willfully violated the Copyright Law by failing either to take the steps required to reinstate their ASCAP licenses or to seek permission directly from ASCAP's members to perform ASCAP's members' music by broadcast over radio stations WGEA and WRJM-FM.

9.      H. Jack Mizell has been president, sole officer and 100% owner of both Shelley Communications, Inc. and Stage Door Development Inc. during all relevant times to this action, including the dates upon which the infringements took place.

10.     Defendants are entitled to financial gain from the profits, if any, generated by the operation of radio stations WGEA and WRJM-FM.

11.     Defendants are responsible for the broadcasting and business activities of stations WGEA and WRJM-FM.

12.     The following songs were performed by broadcast over radio station WGEA on February 25 or 27, 2006:  "WE DIDN'T START THE FIRE," "LITTLE WING," "HEY

THERE," "BEGIN THE BEGUINE," "PINK HOUSES," "PANAMA," "THIS WILL BE (AN EVERLASTING LOVE)," "RASPBERRY BERET," and "FAITH."

13. The following songs were performed by broadcast over radio station WRJM-FM on February 24, 25 or 26, 2006: "MASTER OF PUPPETS," "LITTLE RED CORVETTE," "LIGHT MY FIRE," "BIG YELLOW TAXI," "JUMP," "RIKKI, DON'T LOSE THAT NUMBER," "GOD WILL MAKE A WAY," "SINCE I DON'T HAVE YOU," "WE HAVE COME INTO HIS HOUSE (TO WORSHIP HIM)," "SMALL TOWN" and "1999."

15. Plaintiffs owned the copyrights to the musical compositions in suit at the time of the unauthorized performances.

16. Plaintiffs are entitled to the relief available under 17 U.S.C. § 501 *et seq.*, including injunctive relief, an award of statutory damages, plus costs and attorney's fees, and any other relief deemed appropriate by the Court.

    b. **The defendants**

    1. In no way did defendants willfully violate copyrights and this suite was filed prior to the other suit being resolved and the intentions were not to violate copyright law.

    2. Defendants have taken steps to correct any and all problems by programming nothing but talk radio on both stations.

5. **STIPULATIONS BY AND BETWEEN THE PARTIES**: The parties stipulate that plaintiffs own valid copyrights in the musical compositions in suit.

It is ORDERED that:

(1) The non-jury trial of this cause, which the parties have agreed may be tried in Montgomery, Alabama, and which is to last one (1) day, is set for July 11, 2007, at 10:00 a.m. at the Frank M. Johnson, Jr. United States Courthouse Complex, Courtroom 2FMJ, One Church Street, Montgomery, Alabama, 36104;

(2) A trial docket will be mailed to counsel for each party approximately two weeks prior to the start of the trial term;

(3) The plaintiffs are required to file proposed findings of fact and conclusions of law by June 27, 2007. The defendants are required to file proposed findings of fact and conclusions of law by July 5, 2007.

(4) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing

counsel, the courtroom deputy clerk, the law clerk, and the judge to each have a set of the exhibits;

(5) All deadlines not otherwise affected by this order will remain as set forth in the uniform scheduling order (Doc. No. 12) entered by the court on November 2, 2006;

(6) All understandings, agreements, deadlines, and stipulations contained in this pretrial order shall be binding on all parties unless this order be hereafter modified by Order of the court.

DONE, this the 16th day of May, 2007

                     /s/ Myron H. Thompson
               **UNITED STATES DISTRICT JUDGE**